IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JANICE M. EMERSON,

    Plaintiff,

    v.                                                        Case No. 03-2362-JWL

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.

**MEMORANDUM AND ORDER**

Plaintiff Janice M. Emerson brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the decision of the defendant Jo Anne B. Barnhart, the Commissioner of Social Security, denying her application for disability insurance benefits under Title II of the Social Security Act. On March 19, 2004, this court entered a Memorandum and Order (doc. 18) reversing and remanding this case for further administrative proceedings. On remand, the Commissioner awarded plaintiff benefits. The matter is now before the court on plaintiff's Motion for Approval of Attorney Fees (doc. 22). By way of this motion, plaintiff's counsel seeks approval of an award of 25% of plaintiff's retroactive benefits pursuant to 42 U.S.C. § 406. This motion is granted in part and denied in part for the reasons set forth below.

"[A]ttorneys who represent winning claimants in social security cases are entitled to receive reasonable fees not to exceed 25% of a claimant's past-due benefits under 42 U.S.C. § 406(b)(1)(A)." *Frazier v. Apfel*, 240 F.3d 1284, 1286 (10th Cir. 2001). In reviewing an

application for attorney fees under § 406 based on a contingency fee agreement, the court must "review for reasonableness fees yielded by those agreements." *Gisbrecht v. Barnhart*, 535 U.S. 789, 809 (2002). The court should look first to the contingency fee agreement and should then consider, for example, the character of the attorney's representation and the results achieved. *Id.* at 808. Although the Supreme Court has rejected application of the lodestar approach in this context, in evaluating the requested fee's overall reasonableness the court may nevertheless consider the hours the attorney spent representing the claimant before the court and the attorney's hourly billing rate for non-contingent fee cases. *Id.* The claimant's attorney bears the burden of showing that the fee sought is reasonable for the services rendered. *Id.* at 807.

In this case, plaintiff's counsel seeks an award of $12,040.05 in attorney fees.[1] In support of this motion, plaintiff's counsel submitted an affidavit explaining that plaintiff and counsel entered into a contingency fee arrangement for 25% of all retroactive benefits. The affidavit further explains that "[p]laintiff was awarded $52,020.15 in retroactive benefits, of

---

[1] The court recognizes that the claim for attorney fees may be problematic because the court reversed and remanded for further consideration by the agency rather than for an immediate award of benefits. *See generally, e.g.*, *McGraw v. Barnhart*, 370 F. Supp. 2d 1141 (N.D. Okla. 2005) (providing a thoughtful and comprehensive analysis of this consideration and determining that the claimants were not entitled to § 406 fees where the court had not awarded benefits but instead had remanded for further proceedings). Nonetheless, defendant affirmatively states in its response to plaintiff's attorney fee application that it does not object to an award of attorney fees in the requested amount but rather objects to the motion solely on the grounds that the court must order plaintiff's counsel to refund to plaintiff the smaller of the EAJA fee or the § 406 fee. Absent any argument on this issue from the defendant, then, the court will not consider whether to deny plaintiff's request for fees on this basis, especially given the unsettled state of the law on this issue.

which $17,340.05 represented twenty-five percent of attorney's fees . . . . Counsel received a fee of $5,300 for representation at the administrative level, which leaves a balance of $12,040.05 from the 25% subject to attorney fees." Twenty-five percent of a $52,020.15 award of past-due benefits, however, equals $13,005.04, not $17,340.05.[2] Plaintiff was already awarded $5,300 in fees at the administrative level and therefore only $7,705.04 of the 25% fee remains. The court finds this amount to be a reasonable fee for the services rendered. Plaintiff's counsel did such a commendable job that the Commissioner conceded that the administrative decision denying plaintiff's application for benefits was not supported by substantial evidence. The only issue remaining for the court to resolve was whether to reverse and remand for further administrative proceedings or for an immediate award of benefits. Thus, counsel successfully achieved a prompt remand. Also, counsel ultimately was successful in obtaining benefits for plaintiff. Counsel expended 51.5 hours representing plaintiff before this court, which is a reasonable number of hours for the type of representation provided by counsel. Based on a total fee of $7,705.04, this calculates to an hourly rate of just less than $150, which is less than counsel's typical non-contingency-fee hourly rate of $175.

Defendant's sole argument in opposition to plaintiff's motion is based on the fact that the court previously entered an order (doc. 21) granting plaintiff an award of her attorney fees

---

[2] Given the absence of an objection from the defendant regarding the amount of the fee, the court realizes that it is possible that plaintiff's counsel's affidavit erroneously misstates plaintiff's award of retroactive benefits as $52,020.15 rather than $69,450.20. If so, the court anticipates plaintiff will file a motion to reconsider. But the substance of the affidavit currently before the court states that plaintiff was awarded retroactive benefits of $52,020.15, and therefore the court must base its 25% calculation on that amount.

and expenses in the amount of $7,021.52 under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).  Defendant correctly points out that because plaintiff previously received an EAJA fee award the court must direct plaintiff's counsel to refund to plaintiff the amount of the EAJA fee award.  EAJA fees and those available under § 406 are two different kinds of fees that must be awarded separately.  *Frazier*, 240 F.3d at 1286.  "Fees under § 406(b) satisfy a client's obligation to counsel and, therefore, are paid out of the plaintiff's social security benefits, while fees under the EAJA penalize the Secretary for assuming an unjustified legal position and, accordingly, are paid out of agency funds."  *Orner v. Shalala*, 30 F.3d 1307, 1309 (10th Cir. 1994).  Thus, the court may award fees under both the EAJA and § 406.  *Frazier*, 240 F.3d at 1286.  If the court does so, however, the court must direct the claimant's attorney to refund to the claimant the amount of the smaller of the two fee awards.  *Gisbrecht*, 535 U.S. at 796; *Kemp v. Bowen*, 822 F.2d 966, 969 (10th Cir. 1987) (district court order should include language preventing double payment of fees to attorney for same work; lower of two fees must be refunded to the claimant).  Here, plaintiff's EAJA fee award is smaller than the § 406 fee award, and consequently plaintiff's counsel must refund to plaintiff the $7,021.52 EAJA fee.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff's Motion for Approval of Attorney Fees (doc. 22) is granted in part and denied in part as set forth above.  The court hereby approves a fee award of $7,705.04 under 42 U.S.C. § 406(b) and directs plaintiff's counsel to refund $7,021.52 to plaintiff.

**IT IS SO ORDERED** this 25th day of July, 2005.

                                                              s/ John W. Lungstrum
                                                              John W. Lungstrum
                                                              United States District Judge